# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No. **ED CV 19-1279-JFW(SPx)** | Date: September 27, 2019 |

Title: Robert Riggs -v- USF Reddaway, Inc., et al.

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    ORDER DENYING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT [filed 8/29/19; Docket No. 32]

On August 29, 2019, Plaintiff Robert Riggs ("Plaintiff") filed a Motion to Remand Action to State Court ("Motion"). On September 9, 2019, Defendant USF Reddaway Inc. ("Defendant") filed its Opposition. On September 19, 2019, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for September 30, 2019 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

I.     **Factual and Procedural Background**

On June 11, 2019, Plaintiff filed a Complaint in San Bernardino Superior Court against Defendant, alleging claims for: (1) failure to indemnify for necessary business expenditures in violation of California Labor Code § 2802; (2) unfair competition in violation of California Business & Professions Code § 17200, *et seq*.; (3) failure to pay applicable minimum wage in violation of California Labor Code § 1197; (4) failure to pay applicable overtime wage in violation of California Labor Code § 510; (5) failure to furnish accurate itemized wage statements in violation of California Labor Code § 226; and (6) civil penalties in violation of California Labor Code § 2699, *et seq*.

On July 12, 2019, Defendant filed Notice of Removal, alleging this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction. On August 12, 2019, Plaintiff filed a First Amended Complaint, which alleges only two claims against Defendant: (1) failure to indemnify for necessary business expenditures in violation of California Labor Code § 2802; and (2) civil penalties in violation of California Labor Code § 2699, *et seq*.

In his Motion, Plaintiff argues that this case should be remanded to San Bernardino Superior Court because diversity jurisdiction does not exist because the amount in controversy does not exceed $75,000.

## II.     Legal Standard

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*)*.

## III.    Discussion

"A civil action in state court may be removed to federal district court if the district court has 'original jurisdiction' over the matter."  *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007).  Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). However, if the plaintiff contests the defendant's allegation,  the defendant must establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  *See id.* at 553-54; 28 U.S.C. § 1446(c)(2)(B).

In light of the relief requested in the original Complaint, which was the operative pleading at the time of removal, including unreimbursed tool expenditures, unpaid minimum wages, unpaid overtime wages, various penalties for unpaid wages and wage statement violations, and attorneys' fees, the Court finds that Defendant at the time of removal established, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  For example, as Defendant demonstrates in its Notice of Removal and Opposition to Plaintiff's Motion, Plaintiff's first cause of action alone seeks over $40,000 for unreimbursed tool expenditures.  Although Plaintiff argues in his Motion and Reply that since filing his original Complaint, he has determined that not all $40,000 worth of tools were purchased during the applicable statute of limitations period and not all the tools he purchased were "necessary" for him to perform his duties as a trailer mechanic, "[t]he amount of controversy is tested at the time of removal, not as increased or decreased due to later events."  *Killion v. AutoZone Stores Inc.*, 2011 WL 590292 (C.D. Cal. Feb. 8, 2011).

Accordingly, the Court concludes that it has subject matter jurisdiction under 28 U.S.C. § 1332(a).

## IV. Conclusion

For all the foregoing reasons, Plaintiff's Motion is **DENIED**.

IT IS SO ORDERED.